**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTHA ALVAREZ-GUILLEN, AKA Delia Alvarez-Guillen,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>Respondent. | No. 08-72613<br><br>Agency No. A098-897-295<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009[**]

Before:      GOODWIN, WALLACE and FISHER, Circuit Judges.

Martha Alvarez-Guillen, a native and citizen of El Salvador, petitions for

review of a Board of Immigration Appeals order dismissing her appeal from an

immigration judge's (IJ) decision denying her application for asylum, withholding

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence, *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008), and deny the petition for review.

Substantial evidence supports the Board's denial of asylum and withholding of removal because Alvarez-Guillen failed to show her alleged persecutors threatened her on account of a protected ground. Assuming Alvarez-Guillen raised her claim of membership in a social group before the IJ, her fear of future persecution based on an actual or imputed anti-gang or anti-crime opinion is not on account of the protected ground of either membership in a particular social group or political opinion. *See Ramos Barrios v. Holder*, 581 F.3d 849, 854-56 (9th Cir. 2009); *Santos-Lemus* at 745-46; *see Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground.")

Substantial evidence also supports the Board's denial of CAT relief based on the Board's finding that Alvarez-Guillen did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the El Salvadoran government. *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007).

**PETITION FOR REVIEW DENIED.**